UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
RUSSSEL COHEN,

                Plaintiff,

  -against-

HEMPSTEAD UNION FREE SCHOOL
DISTRICT, REGINA ARMSTRONG,
JULIUS BROWN, RODNEY GILMORE,
SUSAN JOHNSON, and BEVERLY
JONES,

                Defendants.
———————————————————————X

**MEMORANDUM & ORDER**
16-CV-1914 (GRB)(SIL)

**FILED**
**CLERK**
11:56 am, Oct 11, 2022
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

**For Plaintiff:**
Ricotta & Marks, P.C.
24-11 41st Avenue, Suite Second Floor
Long Island City, New York, 11101
By:   Thomas Ricotta, Esq.

**For Defendants:**
The Scher Law Firm, LLP
One Old Country Road, Suite 385
Carle Place, New York, 11514
By:   Austin R. Graff, Esq.

**BROWN, U.S. District Judge:**

      This action, sounding in discrimination and retaliation, after five years of litigation and following resolution efforts via mediation, settlement discussions and summary judgment, was recently transferred from Judge Denis R. Hurley to the undersigned. *See* Electronic Order dated April 11, 2022. With the matter on the precipice of trial, the parties have briefed several motions *in limine* and, at the Court's direction, the potential effect of the Supreme Court's decision in *Kennedy v. Bremerton Sch.*

*Dist.*, 142 S. Ct. 2407 (2022) on the remaining claims.  For the reasons that follow, several motions *in limine* are granted, and two of the remaining claims must be dismissed.

## BACKGROUND

In an encyclopedic 38-page decision, Judge Hurley carefully reviewed and granted, at least in part, motions for summary judgment and motions *in limine*.  DE 76.  With respect to the latter, Judge Hurley excluded a range of statements – including some attributed to Kathy Trukafka, a school principal – because those statements "lack sufficient foundational information to support their admissibility," "are [ ] untethered to any protected category or activity," and "are conclusory as to her state of mind."  *Id.* at 18.

The parties agree that, following Judge Hurley's decision, the following claims remain for trial:

> (1) Title VII hostile work environment claim relating to the Plaintiff's allegation that the District's School Board brought in several pastors on Superintendent Conference days creating a culture of it being appropriate for staff to engage in prayer and therefore the alleged incidents of religious insensitivity would have altered the working conditions of a reasonable employee;
>
> (2) Title VII retaliation claim alleging that the Plaintiff was not appointed to positions of Assistant Principal or Principal because he filed a charge of discrimination with the New York State Division of Human Rights in October 2011; and
>
> (3) *Monell* claim, pursuant to 42 U.S.C. § 1983 against the District for religious discrimination based upon the evidence that the Board of Education brought in several pastors on Superintendent Conference days, creating a culture of it being appropriate for staff to engage in prayer.

DE 94 at 1-2.

## DISCUSSION

In his careful consideration of summary judgment, Judge Hurley denied defendants' motion with respect to the hostile work environment and *Monell* claims based almost exclusively upon the plaintiff's testimony that:

> The school board brought several pastors from the community in on superintendent conference days which has created a culture of it being appropriate for the staff to engage in prayer practice in terms of the Catholic faith or the Christian faith.

DE 67-10 at 56; DE 68 at 11. For avoidance of doubt, any fair reading of Judge Hurley's decision, and the record as a whole, reveals that the engagement of pastors by the district represents the lynchpin of plaintiff's religious-based claims, as the only other evidence relates to miscellaneous statements and practices of coworkers for which the district cannot be accountable. On this motion, however, defendants challenge an email written by plaintiff on September 6, 2016, discussing one such event, which occurred at a Superintendent Conference held on September 1, 2016. DE 90-1; DE 90-3. Notably, on this motion, defendants forcefully assert that the September 2016 event is the only event at which a pastor attended a conference at the behest of the district. DE 90-6 at 1 (request to dismiss claims as they are predicated upon September event); *id.* at 5 (arguing that the email is the only piece of documentary evidence supporting two causes of action); *id.* at 6 (same); *id.* at 10 (arguing that preclusion of the September 6 document requires dismissal of claim). Despite the opportunity to do so, plaintiff's counsel makes no effort to controvert these assertions. DE 91.

Defendants seek preclusion of the September 6 document on several grounds, including late production and potential inauthenticity. Yet defendants raise a far more compelling argument: the Conference at issue occurred well after the filing of the complaint in this action, which complaint has never been amended. DE 90-6 at 6-7. In fact, the complaint tends to support defendants' unopposed assertion that the post-filing conference represents the only incident of the Board inviting a member of the clergy to a meeting, as the complaint is devoid of a single reference to pastors or superintendent's meetings. *See generally* DE 1. While plaintiff argues that these matters should be considered as part of the "totality of the circumstance," DE 91, where, as here, plaintiff cannot demonstrate the existence of a hostile work environment that predated the filing of the complaint, that argument rings hollow. Moreover, given this email was written by plaintiff during the pendency

of the action, it is self-serving and lacking indicia of reliability.

Furthermore, the defendants seek exclusion of a May 4, 2012 email exchange between the plaintiff and Kathy Trukafka on authenticity grounds. Irrespective of the authenticity of her email, it lacks the necessary indicia of reliability to be admitted as an opposing party's statement because Trukafka indicates her interests are aligned with plaintiff – not those of her employer – when she remarks, in a rambling reply, "Our courageous conversations will probably end up getting us [expletive] in some way." DE 90-2. Moreover, the content of those communications appears to render them inadmissible for the very same reasons Judge Hurley precluded the other statements by Trukafka, as the assertions "are [ ] untethered to any protected category or activity." DE 76 at 18. As such, plaintiff will suffer little or no prejudice from its exclusion, and the document is inadmissible as substantive evidence pursuant to Rule 401 and 403.

Finally, defendants seek the exclusion of a June 20, 2016 email from plaintiff to one defendant. DE 90-5. This document shares the deficits of the September 6 email, including late production and post-complaint drafting. It also brings an issue into high relief. Though plaintiff has complained of a hostile work environment predicated upon religious beliefs, the incident complained of in this document appears to be the use of "Jesus Christ" as an invective, rather than as an expression of faith. *Id.* (plaintiff reporting that Dr. Winfield stated, apparently in exasperation, "Jesus Christ, our father, I don't know what you want me to do."). This buttresses the determination to exclude this email, as plaintiff will suffer no prejudice from its exclusion, as the document is likely inadmissible pursuant to Rule 401 and 403. Thus, the September 6, 2016, May 4, 2012, and June 20, 2016 emails are excluded, and defendants' renewed motion for summary judgment as to the first and third claims is granted.

## CONCLUSION

For the reasons set forth above, defendants' motions *in limine* and renewed motion for partial summary judgment are granted. The sole claim remaining for the upcoming trial is plaintiff's retaliation claim, as described above. The parties are directed to file a revised Joint Pretrial Order within 45 days of the date of this Order. Jury selection for the trial on plaintiff's remaining claim is set for January 17, 2023 at 9:30 a.m.

**SO ORDERED.**

Dated:

    Central Islip, New York          _s/ Gary R. Brown_
    October 11, 2022               GARY R. BROWN
                                           United States District Judge